Sarah Shapero (Bar No. 281748)
Brooke Brewer (Bar No. 352036)
SHAPERO LAW FIRM
100 Pine St., Ste. 530
San Francisco, California 94111
Telephone: (415) 240-4839
Facsimile: (415) 358-4116

Attorneys for Plaintiff,
PRIORITY ACQUISITIONS LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRIORITY ACQUISITIONS LLC, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MEDALLION GOLD, INC., a corporation, MEDALLION SERVICING, LLC, a California limited liability company;  and Does 1-50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1.   Violation of Fair Debt Collection Practices Act (FDCPA)<br><br>2.   Violation of Civil Code §1671<br><br>3.   Violation of Business and Professions Code Section 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. This cases arises out of a mortgage transaction and Defendants' bad faith related thereto. While Plaintiff does not dispute he defaulted on the loan, Defendants have been charging over unlawful default interest, liquidated damages, and late fees. These inflated charges have weakened the equity in the property, and thereby impeded Plaintiff's ability to bring the loan current. This lawsuit follows.

**JURISDICTION AND VENUE**

2. This is an action asserting violations of Federal Law and California State Law. Therefore, this court has subject matter jurisdiction under 28 U.S.C. 1331, or federal question jurisdiction.

3. Defendant is an entity duly licensed to do business in the State of California or regularly conducts business within this judicial district within California.

4. Defendant herein purposefully directed its activities to the State of California. Venue is proper because the subject property is located in ALAMEDA County.

5. This court has personal jurisdiction over each of the named defendants because each defendant either resides or conducts business in this county.

**PARTIES**

6. At all times mentioned herein, Plaintiff PRIORITY ACQUISITIONS LLC (hereafter "Plaintiff") was at all times the owner of the property located at 546 Weldon Ave., Oakland, CA 94610 (hereafter the "Property").

7. At all times mentioned herein, Plaintiff is informed and believes and thereon alleges that Defendant MEDALLION GOLD INC (hereinafter "Defendant MEDALLION GOLD" or "MEDALLION GOLD") is a stock corporation and the lender on the loan.

8. At all times mentioned herein, Plaintiff is informed and believes and thereon alleges that Defendant MEDALLION SERVICING LLC (hereinafter "Defendant MEDALLION SERVICING" or "MEDALLION SERVICING") is a California Limited Liability Company and the servicer of the loan.

9.  Plaintiff is ignorant of the true name and capacities of each Defendant sued herein under the fictitious names DOES 1 through 50, inclusive, and Plaintiffs will amend this complaint to allege such names and capacities as soon as they are ascertained. Each of said fictitiously named Defendants is responsible in some manner for the wrongful acts for which Plaintiff has complained herein.

## AGENCY ALLEGATIONS

10. Plaintiff is informed and believe and thereon allege that at all times herein mentioned, each of the Defendants was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venture of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, additionally has inherited any violations and/or the liability of their predecessors-in-interest, and has also passed on liability to their successors-in-interest, and at all times was acting within the course and scope of such agency, employment, partnership, and/or concert of action.

## STATEMENT OF FACTS

11.  Plaintiff is, and at all relevant times herein was, the owner of the property located at 546 Weldon Ave., Oakland, CA 94610 (the "Property").

12.  On or around March 22, 2017, Plaintiff purchased the Property. Plaintiff also began renovation and construction on the Property at this time.

13.  In or around 2018, it was discovered that there were structutal issues on the Property. This required Plaintiff to request additional funds for the expanded scope of work. After receving an initial draw, Plaintiff discovered additional issues with the new structural design plan.

14.  On or about March 18, 2019, Plaintiff entered into an refinancing loan with Defendant MEDALLION GOLD.

15.  While continuing to renovate the property, Plaintiff asked Defendant on multiple occasions to modify the draw schedule to accommodate the need for additional funds for specific work segments. Ultimately, Defendand denied the request for reimbursement for the work performed and additional draws.

16. Since the denial, Plaintiff has experienced financial hardship and has struggled to make payments on the loan. Further, the Default Interest provision in the loan in the amount of 15% has made it very difficult for Plaintiff to bring the loan current.

17. On or about September 12, 2023, a Notice of Default was recorded on the Property. The Notice contained an amount due of $16,695.00.

18. On or about February 27, 2024, a Notice of Trustee's Sale was recorded on the Property.

19. There is a trustee's sale scheduled for March 26, 2024, and Plaintiff stands to lose the property Property due to Defendants' continuous inflated and improper demands. Plaintiff does not dispute that he defaulted on the loan, but alleges that Defendant is charging significant improper amounts and thereby frustrating his repeated efforts to bring the loan current.

## FIRST CAUSE OF ACTION
**Violation of Fair Debt Collections Practices Act**
(Against Defendant MEDALLION SERVICING)

20. Plaintiff incorporated all allegations of this complaint and re-alleged them as they were fully set forth herein.

21. The Fair Debt Collection Practices Act provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any, including use of a false representation of the character, **amoun**t, or legal status of any debt. See 15 U.S.C. § 1692e(2)

22. Pursuant to 15 U.S.C. § 1692a(6), Defendant SLS is a debt collector because it regularly collects or attempst to collect debts owed or due or asserted to be owed or due to another.

23. In the case at hand, Defendant MEDALLION SERVICING violated the FDCPA by demanding amounts unauthorized by law, as default interest is an unlawful liquidated damage under California Civil Code §1671.

24. Pursuant to 15 U.S.C. § 1692k, Defendant is liable for actual damages, civil penalties in the amount of $1,000, attorney's fees, and costs of court. (Civ. Code § 1788.30; 15 U.S.C. § 1692k(a).)

## SECOND CAUSE OF ACTION
**Violation of Civil Code §1671**
(Against ALL Defendants)

4
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

25. Plaintiff incorporates all allegations of this complaint and re-alleges them as they were fully set forth herein.

26. Civil Code § 1671 provides that a liquidated damages provision is either presumptively valid or invalid depending on the subject matter of the contract. If the contract involves the retail purchase or rental of personal property or services primarily for personal, family, or household purposes, or involves a lease of real property for use as a dwelling, then a liquidated damages provision is presumptively void. (Civ. Code § 1671 (c).) The types of contracts described in Civ. Code § 1671 (c) shall be referred to as "consumer contracts."

27. All other contracts, or "non-consumer contracts" presume that a liquidated damages provision as valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made. (Civ. Code § 1671 (d).)

28. Plaintiff's contract is considered a non-consumer contract since it does not match any type of contract described in Civ. Code § 1671 (c). Therefore, the standard in Civ. Code § 1671 (d) applies.

29. It is the public policy of California that liquidated damages bear a "reasonable relationship" to the actual damages that the parties anticipate would flow from breach; conversely, if the liquidated damages clause fails to so conform, it will be construed as an unenforceable "penalty." (Garrett v. Coast & Southern Fed. Sav. & Loan Assn. (1973) 9 Cal.3d 731, 739 (Garrett).)

30. In Honchariw v. FJM Private Mortgage Fund, LLC (2022) 83 Cal.App.5th 893, 893 [299 Cal.Rptr.3d 819], the Court held default interest assessed against the entire unpaid principal balance of the loan is an impermissible liquidated damage under Cal. Civ. Code section 1671.

31. As Plaintiff's loan contains an 15% default penalty assessed against the entire unpaid principal balance, the default amounts charged are unlawful pursuant to Cal. Civ. Code section 1671.

32.     Plaintiffs further seek restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

**Violation of Business and Professions Code Section 17200** *et seq.*
(Against ALL Defendants)

33.     Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

34.     Defendants' conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq. California Business and Professions Code § 17200 et seq. incorporates and provides a basis for enforcement of violations of other statutes and laws and those violations as a business practice.

35.     Specifically, Defendants' violations of the California Civil Code and FDCPA constitute unfair business practices in violation of California Business and Professions Code § 17200 et seq.

36.     As a result of Defendants' wrongful conduct, Plaintiff has suffered various injuries according to proof at trial, including but not limited to the imminent loss of property.

37.     Plaintiff seeks injunctive relief enjoining Defendant from engaging in the unfair business practices described herein.

38.     Plaintiff further seeks costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES

WHEREFORE, Plaintiff PRIORITY ACQUISITIONS LLC demands a trial by jury. Plaintiff also prays for judgment and order against Defendants as follows:

1. That judgment is entered in Plaintiffs' favor and against Defendants, and each of them;

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

2. For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;

3. For a temporary restraining order and preliminary injunction preventing Defendants, or anyone acting in concert with them, from foreclosing on the loan until an accurate reinstatement quote is generated;

4. For damages, disgorgement, and injunctive relief;

5. For compensatory damages, special damages, damages for emotional distress, attorneys' fees, and costs according to proof at trial;

6. For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct;

7. For such other and further relief as the Court may deem just and proper.

DATED: March 22, 2024                  Respectfully submitted,

SHAPERO LAW FIRM

*/s/Brooke Brewer*
Sarah Shapero, Esq.
Brooke Brewer, Esq.
Attorneys for Plaintiff
PRIORITY ACQUISITIONS LLC