UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIORITY ACQUISITIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>MEDALLION GOLD INC, et al.,<br><br>Defendants. | Case No. 24-cv-01793-HSG<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 10 |

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a temporary restraining order may enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order and issuing a preliminary injunction are substantially identical. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839, n.7 (9th Cir. 2001). A plaintiff seeking preliminary relief must establish: (1) that it is likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## II.  DISCUSSION

Plaintiff acknowledges that a Notice of Default was recorded on the property at issue on September 12, 2023, over five months ago. Dkt. No. 10-3 at ¶ 8. A Notice of Trustee's Sale was recorded on the property on February 27, 2024, nearly a month ago. *Id.* at ¶ 9. And Plaintiff filed this case on Friday, March 22, 2024, but waited until March 25—less than one business day before the scheduled sale—to file its TRO application. Dkt. Nos. 1, 10. Plaintiff's counsel did not give any Defendant notice of its intention to seek this TRO until barely over 24 hours before the sale is scheduled to occur. Dkt. No. 10-2 at ¶¶ 2-3.[1] Counsel provides no explanation whatsoever for this timeline, and the Court finds this conduct at a minimum to be unreasonable and unfair to Defendants. There is no reason given as to why this issue could not have been raised days, if not weeks or months, earlier to allow Defendants a fair opportunity to substantively respond before the sale date, and to allow the Court a reasonable amount of time to consider the application. So the Court finds this manufactured "emergency" far from compelling.

The balance of the equities does not favor entry of a TRO under these circumstances. The Court views Plaintiff's unjustified decision to raise this issue at the eleventh hour to be at best unreasonable, and at worst a bad-faith and manipulative effort to deprive the Defendants and the Court of the time needed to reasonably assess the merits of the request. Moreover, unlike many of the cases of this sort that come before the Court, the movant here does not claim that he lives at the property. *See* Dkt. No. 10-3. The Musson Declaration says that "Priority Acquisition LLC is, and at all relevant times herein was, the owner" of the property at issue. Dkt. No. 10-3 at ¶ 2. But in the next paragraph of the declaration, Mr. Musson represents that "[o]n or around March 22, 2017, I purchased the Property." *Id.* at ¶ 3. Regardless, whether the owner of the property is an entity or an individual, there is no suggestion in the application or supporting declarations that Mr. Musson (or anyone else) lives in the home and is at risk of eviction. So the claims raised in the complaint, if successful, could be remedied by money damages, and do not implicate the type of immediate loss of one's residence that has been held to constitute a potential irreparable harm.

---

[1] This lack of reasonable response time forced Defendants to file a very cursory opposition around two hours after the TRO application was filed. Dkt. No. 12.

And the Court also finds that, absent true emergency circumstances not present here, it is not in the public interest to countenance this tactic of delaying the timing of the application to try to force the Court to accept a TRO as a fait accompli, rather than timely seeking relief in a good-faith effort to allow a response and adequate consideration.

Because Plaintff fails on this record to make a clear showing of entitlement to the extraordinary relief sought, the application for temporary restraining order is **DENIED**.

**IT IS SO ORDERED.**

Dated:  3/26/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

3