UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIORITY ACQUISITIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>MEDALLION GOLD INC, et al.,<br><br>Defendants. | Case No. 24-cv-01793-HSG<br><br>**AMENDED ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**[1]<br><br>Re: Dkt. No. 17 |

On Friday, March 22, 2024, Plaintiff Priority Acquisitions LLC filed a complaint against Medallion Gold Inc. et al. Dkt. No. 1. On Monday, March 25, Plaintiff filed an ex parte application for a temporary restraining order ("TRO") to stop a trustee sale scheduled for the following day, and the case was assigned to this Court. Dkt. No. 10. On Tuesday, March 26, the Court denied Plaintiff's application, finding that the equities did not favor entry of a TRO under the circumstances, which involved – among others – an unreasonable eleventh-hour application concerning a foreclosure sale involving a non-resident Plaintiff. Dkt. No. 15.

Without acknowledging the Court's denial of relief just days ago, Plaintiff on March 29 filed an amended complaint and new ex parte application for a temporary restraining order to stop the same property sale, now scheduled for Tuesday, April 2. Dkt. Nos. 16, 17. To the extent that Plaintiff believes that the Court's prior order denied Plaintiff's TRO as to a particular sale date only, that is wrong: the Court denied Plaintiff the *remedy* of a TRO to stop the trustee sale given the circumstances of the application, and the fact that the sale was postponed by a few days

---

[1] While this amended order is substantively identical to the order at Dkt. No. 19, it corrects a technical glitch in the prior order that resulted in inadvertent duplication of the undersigned's signature.

(possibly because of Plaintiff's filings) is certainly not grounds to revisit its prior order. To that end, the Court notes that Plaintiff and its counsel must have known by Tuesday, March 26 that the sale would not proceed on that day, yet they again waited days, this time until a Friday afternoon, and gave Defendants and the Court essentially no time before the weekend to respond to and evaluate the merits of the application on a reasonable timeframe.

Accordingly, for the reasons described at Dkt. No. 15, the Court again **DENIES** Plaintiff's ex parte application for a TRO, Dkt. No. 17.

**IT IS SO ORDERED.**

Dated: April 1, 2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge